**WILLIAM W. McGAHA, ESQ.**
Nevada Bar #3234
**SCHUETZE, McGAHA, TURNER & FERRIS PLLC**
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada 89106
(702) 369-3225 Telephone
(702) 369-2110 Facsimile
bmcgaha@smlvlaw.net

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| D. ANTHONY WASHINGTON, <br><br> Plaintiff, <br><br> vs. <br><br> PEDRO VALLADARES HIDALGO and PBRB LOGISTICS, LLC; DOES I – X, and ROE CORPORATIONS XI – XX, inclusive, <br><br> Defendants. | **CASE NO**:  2:22-CV-01545-JCM-DJA <br><br> **DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR26-1(e)** <br><br> **"SPECIAL SCHEDULING REVIEW REQUESTED"** |

Plaintiff, D. ANTHONY WASHINGTON, by and through his counsel of record, WILLIAM W. McGAHA, ESQ., of SCHUETZE, McGAHA, TURNER & FERRIS, PLLC and Defendants PEDRO VALLADARES HIDALGO and PBRB LOGISTICS, LLC, by and through their counsel, BRUCE KELLEY, ESQ., of WINNER & BOOZE, submit the following Discovery Plan:

**Set forth the status of this action, including a list of any pending motions and/or other matters which require the attention of this Court.**

1.      Meeting.  Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on September 15, 2022, and was attended by:   William McGaha, Esq. of the law offices of Schuetze, McGaha, Turner & Ferris; and Bruce Kelley, Esq. of the law offices of Winner & Booze.

2.      Pre-Discovery Disclosures. Plaintiff and Defendants have until September 29, 2022, to provide their initial disclosures as required by Fed. R. Civ. P. 26(a), which is 14 days after the FRCP 26(f) meeting.

/ / /

3.    Discovery Plan.  The parties jointly propose to the Court the following discovery plan:

A.    Scope of Discovery: The parties propose discovery be conducted on all matters pursuant to F.R.C.P. 26(b), and that Plaintiff may set a F.R.C.P. 30 (b)(6) depositions of the Defendants at a time agreed to by the parties.

B.    Discovery Cut-Off Dates: Defendants removed this case from the Eighth Judicial District Court, Clark County, Nevada, Case Number A-22-854692-C to the United States District Court, District of Nevada on September 15, 2022. The Discovery Cut-Off Date is May 15, 2023. Pursuant to local rule 26-1(a), the parties are requesting a 241-day limit for completing discovery for the reasons outlined below.

This is a case wherein Plaintiff will be claiming extensive injuries as a result of a motorcycle vs. truck accident. In fact, at present, the full extent of Plaintiff's injuries has not yet been determined by his physicians.

In addition, the evaluation of Plaintiff's injuries will likely require the retention of multiple medical experts. In addition, Plaintiff will also be required to undergo Defense medical examinations.

Lastly, both Defendants reside in another state. This fact, coupled with the fact that Defendant PEDRO VALLADARES HIDALGO is a long-haul trucker will render discovery far more difficult for the parties in this case.

C.    Fed. R. Civ. P. 26(a)(2) Disclosure (Experts):

(i)    The disclosure of experts and expert reports shall occur on March 16, 2023, which is 60 days before the discovery cut-off date; and

(ii)    The disclosure of rebuttal experts and their reports shall occur on April 17, 2023, which is 32 days after disclosure of experts.

4.    Other Items.

A.    Amending the Pleadings and Adding Parties. The parties shall have until February 14, 2023, to file any motions to amend the pleadings or to add parties.  This does not exceed the outside limit LR 26-1-(e)(2) presumptively sets of 90 days before the discovery cut-off date for filing such motions.

B.    ~~Interim Status Report.  The parties shall file the interim status report required by LR 26-3 by March 16, 2023. This date is 60 days before the discovery cut-off date.~~

C.    Dispositive Motions.  The parties shall have until June 14, 2023, to file dispositive motions. This does not exceed the outside limit of 30 days following the discovery cut-off   date that LR 26-1(e)(4) presumptively sets for filing dispositive motions.

D.    Pretrial Order.  The Pretrial Order shall be filed by July 14, 2023, which is 30 days after the date set for filing dispositive motions.  This deadline is suspended if dispositive motions are timely filed in which case the joint pretrial order shall be due 30 days after decision of the dispositive motion.  The disclosures required by LR 26-1(e)(6) shall be made in the joint pretrial order.

/ / /

E.      Court Conference.  The parties do not request a conference with the Court before entry of the scheduling order.

F.      Later Appearing Parties.  A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within 5 days of their first appearance.  This discovery plan and scheduling order shall apply to such later-appearing party/parties, unless the court, on motion and for good cause shown, orders otherwise.

G.      Extensions or Modifications of the Discovery Plan and Scheduling Order.  LR ~~26-4~~ 26-3 governs modifications or extensions of deadlines.  Any stipulation or motion must be made not later than 21 days before the expiration of the deadline that the parties seek to extend and must comply fully with LR 26-4.

H.      Issues Related to the Disclosure of Electronically Stored Information. The parties do not anticipate that this case will involve or require the inspection or production of electronically stored information ("ESI").  To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, or as an image (e.g., pdf or .tiff) file.

I.      Issues Related to Claims of Privilege or Attorney Work Product. The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product.  Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently.  Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld.  Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof.  By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   J.  Settlement. The undersigned attorneys affirm that they have discussed possible
2  settlement of this action as well as the use of extrajudicial procedures or alternative methods of dispute resolution to resolve this case.

| DATED this 28ᵗʰ day of September 2022. | DATED this 28ᵗʰ day of September 2022. |
|---|---|
| SCHUETZE, McGAHA TURNER & FERRIS | WINNER & BOOZE |
| By /s/William W. McGaha | By /s/Bruce W. Kelley |
|  WILLIAM W. McGAHA, ESQ. |  BRUCE W. KELLEY, ESQ. |
|  Nevada Bar #3234 |  Nevada Bar #7331 |
|  601 S. Rancho Drive, Suite C-20 |  1117 S. Rancho Drive |
|  Las Vegas, Nevada 89106 |  Las Vegas, Nevada 89102 |
|  Attorneys for Plaintiff |  Attorneys for Defendants |

## ORDER

**IT IS SO ORDERED** that the parties' Discovery Plan and Scheduling Order is **granted in part** and **denied in part**.  The plan includes an interim status report deadline and cites to LR 26-3. The Local Rules as amended on 4/17/2020 eliminated former Local Rule 26-3's requirement for Interim Status Reports.  The Court will not approve an interim status report deadline as no such deadline exists under the amended Local Rules.

DATED:  September 29, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

**Donna Brand**

| | |
|---|---|
| **From:** | Bill McGaha |
| **Sent:** | Wednesday, September 28, 2022 1:15 PM |
| **To:** | Bruce W. Kelley; Donna Brand; Brittney Blankenbeckler |
| **Cc:** | Steven Broka; Myriam A. Alvarado |
| **Subject:** | RE: Washington v. New Alliance |

Thank you very much.

**From:** Bruce W. Kelley <bkelley@winnerfirm.com>
**Sent:** Wednesday, September 28, 2022 1:10 PM
**To:** Bill McGaha <bmcgaha@smlvlaw.net>; Donna Brand <dbrand@smlvlaw.net>; Brittney Blankenbeckler <bblankenbeckler@winnerfirm.com>
**Cc:** Steven Broka <sbroka@winnerfirm.com>; Myriam A. Alvarado <malvarado@winnerfirm.com>
**Subject:** RE: Washington v. New Alliance

Bill, I am really weird about my e signature.  But on this one time occasion and because it is you, ok.

Bruce



**Bruce William Kelley**
Partner
1117 South Rancho Drive
Las Vegas, NV 89102
PHONE (702) 243-7000 | FAX (702) 243-7059
bkelley@winnerfirm.com
www.winnerfirm.com

**CONFIDENTIALITY NOTICE:** THIS EMAIL TRANSMISSION IS ATTORNEY CLIENT, ATTORNEY WORK PRODUCT, DISSEMINATED AND/OR PROVIDED IN CONTEMPLATION OF POTENTIAL OR FUTURE LITIGATION, AND/OR CONFIDENTIAL INFORMATION THAT IS INTENDED SOLELY FOR THE USE OF THE INDIVIDUAL(S) OR ENTIT(IES) NAMED ABOVE. IF YOU ARE NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE DELETE THIS TRANSMISSION AND IMMEDIATELY NOTIFY THE SENDER OF THIS ERROR.

**From:** Bill McGaha <bmcgaha@smlvlaw.net>
**Sent:** Wednesday, September 28, 2022 12:38 PM
**To:** Bruce W. Kelley <bkelley@winnerfirm.com>; Donna Brand <dbrand@smlvlaw.net>; Brittney Blankenbeckler <bblankenbeckler@winnerfirm.com>
**Cc:** Steven Broka <sbroka@winnerfirm.com>
**Subject:** RE: Washington v. New Alliance

I am good to go with the revisions.

Bruce: do we have your permission to use your electronic signature on the joint status report?

Bill

William W. McGaha, Esq.
**Legalride, L.L.C.**
**Schuetze, McGaha, Turner & Ferris, P.L.L.C.**