BRUCE W. KELLEY
Nevada Bar No. 7331
WINNER & BOOZE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
bkelley@winnerfirm.com

Attorneys for Defendants PEDRO VALLADARES HIDALGO and PBRB LOGISTICS, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| D. ANTHONY WASHINGTON, | CASE NO.: 2:22-CV-01545-JCM-DJA |
|---|---|
| Plaintiff, | **AMENDED ANSWER** |
| vs. | |
| PEDRO VALLADARES HIDALGO and PBRB LOGISTICS, LLC; DOES I-X, and ROE CORPORATIONS XI-XX, inclusive, | |
| Defendants. | |

### DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendants PEDRO VALLADARES HIDALGO and PBRB LOGISTICS, LLC by and through their attorney Bruce William Kelley of WINNER & BOOZE and in their Amended Answer to the Plaintiff's Complaint filed herein admits, denies and alleges as follows:

1. In answering the allegations of Plaintiff's Complaint, Paragraph 1, Defendants admit the allegations therein.

2. In answering the allegations of Plaintiff's Complaint, Paragraph 2, Defendants admit the allegations therein.

3. In answering the allegations of Plaintiff's Complaint, Paragraph 3, Defendants admit the allegations therein.

4. In answering the allegations of Plaintiff's Complaint, Paragraph 4, Defendants admit that Plaintiff's Complaint concerns alleged incidents and injuries occurring in Clark County, Nevada.

However, Defendants believe that venue is more proper in Federal Court and that this Court should exercise jurisdiction over this matter.

5. In answering the allegations of Plaintiff's Complaint, Paragraph 5, Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore denies same.

6. In answering the allegations of Plaintiff's Complaint, Paragraph 6, Defendants admit the allegations therein.

7. In answering the allegations of Plaintiff's Complaint, Paragraph 7, Defendants admit the allegations therein.

8. In answering the allegations of Plaintiff's Complaint, Paragraph 8, Defendants admit that Defendant Hidalgo failed to yield the right of way to Plaintiff, and was therefore partially responsible for causing the subject collision. Defendants further admit that as a result of Defendant Hidalgo's failure to yield the right of way to Plaintiff, as well as Plaintiff's own acts of comparative negligence, Plaintiff did suffer some level of injury. Any of the remaining allegations within this Paragraph of Plaintiff's Complaint, Paragraph 8, are legal conclusions and therefore require no response.

9. In answering the allegations of Plaintiff's Complaint, Paragraph 9, Defendant alleges these allegations constitute conclusions of law that require no answer. To the extent they contain allegations of fact, Defendants hereby respond as follows: Defendant Hidalgo was driving the vehicle involved in the accident with the express permission and authority of PBRB Logistics, LLC as part of their business activities at the time of the subject collision. As to the remainder of the allegations of Plaintiff's Complaint, Paragraph 9, Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

10. In answering the allegations of Plaintiff's Complaint, Paragraph 10, Defendants admit that as a result of Defendant Hidalgo's failure to yield the right of way to Plaintiff, as well as Plaintiff's own acts of comparative negligence, Plaintiff did suffer some level of injury. As to the remainder of the allegations of Plaintiff's Complaint, Paragraph 10, Defendants allege that they

are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

11. In answering the allegations of Plaintiff's Complaint, Paragraph 11, Defendants admit that as a result of Defendant Hidalgo's failure to yield the right of way to Plaintiff, as well as Plaintiff's own acts of comparative negligence, Plaintiff did suffer some level of injury. As to any allegations within this Paragraph of Plaintiff's Complaint that relate to the extent of Plaintiff's injuries, these answering Defendants lack sufficient information or belief to admit or deny these allegations and therefore deny them on that basis.

12. In answering the allegations of Plaintiff's Complaint, Paragraph 12, Defendants deny that they were reckless in any way. Defendants admit that as a result of Defendant Hidalgo's failure to yield the right of way to Plaintiff, as well as Plaintiff's own acts of comparative negligence, Plaintiff did suffer some level of injury. As to any allegations within this Paragraph of Plaintiff's Complaint that relate to the extent of loss of income or diminished earning capacity, these answering Defendants lack sufficient information or belief to admit or deny these allegations and therefore deny them on that basis.

13. In answering the allegations of Plaintiff's Complaint, Paragraph 13, Defendants admit that as a result of Defendant Hidalgo's failure to yield the right of way to Plaintiff, as well as Plaintiff's own acts of comparative negligence, Plaintiff did suffer some property damage.

14. In answering the allegations of Plaintiff's Complaint, Paragraph 14, Defendants admit that as a result of Defendant Hidalgo's failure to yield the right of way to Plaintiff, as well as Plaintiff's own acts of comparative negligence, Plaintiff did suffer some amount of pain and suffering. As to the remaining allegations contained in Plaintiff's Complaint, Paragraph 14, Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

15. In answering the allegations of Plaintiff's Complaint, Paragraph 15, Defendants deny the allegations therein.

//

//

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. That the Complaint and each and every cause of action purported to be set forth therein, fails to allege facts sufficient to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

2. These answering Defendants allege that Plaintiff has failed and refused to take reasonable steps to remedy, cure or mitigate his damages as alleged in the Complaint, and is therefore now barred from any recovery in the present action as a result of and to the extent of such failure and refusal.

### THIRD AFFIRMATIVE DEFENSE

(Contributory Negligence)

3. Plaintiff did not exercise ordinary care, caution or prudence in this incident and the resulting accident and damages, if any, were proximately caused and contributed to by Plaintiff's own negligence and such negligence was greater than the negligence, if any, of these Defendants.

### FOURTH AFFIRMATIVE DEFENSE

(Not a Substantial Factor)

4. The complaint, and each cause of action thereof, is barred on the grounds that Defendants' materials and/or conduct referred to in the complaint were not a substantial factor in bringing about the injuries and damages complaint of by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants hereby request a credit in the amount of any advanced sums of money, if any, either to or on behalf of Plaintiff prior to trial in this action.

//
//

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein in so far as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer and, therefore, these answering Defendants reserve the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE these answering Defendants pray that said Plaintiff take nothing by reason of the complaint and the causes of action therein contained, and that these said Defendants do have and recovers judgment for costs incurred and for such other and further relief as the court may be deemed proper.

Dated: May 8th, 2023

WINNER & BOOZE

_____
Bruce W. Kelley
Nevada Bar No. 7331
1117 South Rancho Drive
Las Vegas, Nevada 89102
Attorneys for Defendants PEDRO VALLADARES HIDALGO and PBRB LOGISTICS, LLC

## CERTIFICATE OF SERVICE

I certify that on this 11th day of May, 2023, the foregoing **DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** was served on the following by [ ] hand delivery [ ] overnight delivery [ ] fax [ ] fax and mail [ ] mailing by depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

**PLAINTIFF'S COUNSEL**

Bill McGaha, Esq.
SCHUETZE, MCGAHA, TURNER & FERRIS
601 South Rancho Drive, Suite C-20
Las Vegas, NV 89106
(702) 369-3225
(702) 369-2110-fax
bmcgaha@smlvlaw.net

/s/ Brittney Blankenbeckler
An employee of WINNER & BOOZE